IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LEONARD B. WILCOX,

        Plaintiff,

                          Civ. Action No.
                          3:08-CV-0571 (TJM/DEP)

  vs.

RBS CITIZENS, N.A., a/k/a CITIZENS BANK,
N.A. and THOMAS CARARO,

        Defendants.

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

POPE, SCHRADER LAW FIRM       ALAN J. POPE, ESQ.
2 Court Street, 4th Floor
P.O. Box 510
Binghamton, NY 13902

FOR DEFENDANT RBS
CITIZENS, N.A.:

BROWN, HUTCHINSON LAW FIRM   T. ANDREW BROWN, ESQ.
925 Crossroads Building            PETER A. MILITELLO, ESQ.
Two State Street
Rochester, NY 14614

FOR DEFENDANT THOMAS
CARARO:

LANOUETTE LAW OFFICES, PLLC   RONALD LANOUETTE, JR., ESQ.
53 Chenango Street
Suite 700
Binghamton , NY 13901

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

RBS Citizens, N.A. ("Citizens"), one of the two named defendants in this action, moves for relief from the court's case management order issued in the case nearly one year ago, and since modified once at the joint request of the parties, in order to permit discovery to continue and to allow Citizens to make expert witness disclosures which were due under the original pretrial scheduling order on January 2, 2009, a date which was later extended to April 1, 2009. Citizens also requests an order compelling plaintiff to respond to a written document discovery demand served well after the April 1, 2009 deadline for the close of fact discovery.[1] Plaintiff Leonard B. Wilcox vigorously opposes Citizens' motion and requests that the court award costs and attorneys' fees incurred in defending against it.

---

[1] Defendant Citizens' second document discovery demand, which was served on April 29, 2009, was more than slightly late under the court's scheduling order. This court's local rules require that any written discovery demands be served sufficiently in advance of the discovery deadline, which in this case was April 1, 2009, to permit responses to be served by the deadline date. *See* N.D.N.Y.L.R. 16.2. This requirement is reenforced in the court's scheduling order. *See* Dkt. No. 3 at p. 2. Accordingly, to be timely defendant's demand should have been served prior to March 2, 2009, and if sent by mail no later than February 27, 2009. *See* Fed. R. Civ. P. 6(d).

2

For the reasons set forth below, Citizens' motion will be denied, though without any award of costs or attorneys' fees.

I. BACKGROUND

Plaintiff commenced this action on May 29, 2008. Dkt. No. 1. Plaintiff's claims arise from the alleged loss of in excess of $400,000 from a safe deposit box maintained by Wilcox with Citizens. *Id.* In his complaint plaintiff has sued both Citizens and one of its former employees, Thomas Cararo, and seeks recovery of his lost money under a variety of theories including, *inter alia*, negligence, breach of fiduciary duty, fraud, and misappropriation. *Id.*

An in-person pretrial conference was held in the action on July 18, 2008 in Binghamton, New York pursuant to Rule 16 of the Federal Rules of Civil Procedure. Appearing at that conference were counsel for plaintiff and Citizens.[2] As a result of the conference a uniform pretrial scheduling order ("UPSO") was issued by the court setting forth various deadlines to govern the progression of the case; the deadline dates in that scheduling order were set based upon discussions held during that proceeding and a civil case management plan jointly submitted by the parties. Dkt. Nos. 7,

---

[2] At the time of the conference it was reported that defendant Thomas Cararo had not yet been served.

13. Included within the UPSO was an April 1, 2009 deadline for the completion of discovery, the requirement that dispositive motions be filed on or before June 1, 2009, and a scheduled trial date of October 19, 2009.[3] Dkt. No. 13. The UPSO also included provisions governing expert disclosure, requiring that plaintiff serve expert reports no later than January 2, 2009, and that defendants respond with their expert disclosures on or before February 16, 2009, with an additional provision for rebuttal expert reports to be served by March 2, 2009. *Id.* During the pretrial conference the parties were advised that the schedule was firm, although I did acknowledge some potential flexibility in connection with the mediation deadline, which was initially set at January 31, 2009.

Based upon reports from the parties provided during subsequent, periodic telephone conferences conducted by the court in connection with the action, it quickly became clear that they were having difficulty in conducting pretrial discovery. In a conference held on October 9, 2008, for example, the parties reported the development of certain disputes related to discovery. In response I encouraged the attorneys to work matters out, and expressly noted that the established schedule was in

---

[3] In their proposed case management plan the parties requested a discovery deadline of February 15, 2009, with motions due to be filed on or before March 15, 2009, and with a scheduled trial date of June 15, 2009.

jeopardy, again reminding the parties that it was firm and that plaintiff's expert disclosure was due on January 2, 2009.

Another conference was held in connection with the action by telephone on January 29, 2009.  During that conference the parties jointly requested an extension of the expert disclosure deadlines, asking that I extend the time for plaintiff to make expert disclosure until April 1, 2009, with defendant's time to respond being extended to May 1, 2009, and rebuttal expert reports due May 8, 2009, with the further provision that all expert depositions be conducted by June 1, 2009.  That request was granted, both orally and in a subsequent text order, though the parties were reminded that the motion filing deadline was and would remain at June 1, 2009.  Defendant Citizens made no mention during that conference of encountering any difficulties in obtaining pretrial discovery from the plaintiff.

At the request of plaintiff's counsel, a subsequent telephone conference was held on February 26, 2009 to address certain additional discovery issues which had arisen between the parties.  During that conference plaintiff reported that he was unsure whether there would be any expert retention, and Citizens gave the court no indication that it might engage an expert.  At no time during that conference did Citizens request

an extension of the deadline dates set forth in the governing UPSO or apprise the court of the existence of any discovery-related issues which it wished to raise.[4]

On April 16, 2009, again as a result of plaintiff's request, a telephone conference was conducted to address additional discovery issues. During that conference Citizens made no request regarding the UPSO deadline dates, as amended, particularly the April 1, 2009 deadline for completion of fact discovery or the expert disclosure sequence.

In a follow-up telephone conference held on May 7, 2009, the parties reported having made progress in connection with the issues raised by plaintiff's counsel during the previous conference. In the course of the May 7, 2009 conference Citizens raised an issue concerning plaintiff's refusal to respond to a document discovery demand only recently served upon Wilcox. I responded by noting that the request was untimely, but advised Citizens that I would give it the opportunity to brief the issue and attempt to establish good cause for overlooking its lateness. During that conference, significantly, the parties reported that experts would not be retained in the case.

---

[4] During that conference the deadline for completion of mediation was extended until May 1, 2009, at the mutual request of the parties.

On May 19, 2009, counsel for Citizens filed with the court a letter advising that it had not yet been able to identify expert witnesses in light of what it characterized as the "ongoing" nature of discovery and indicated that its retention of experts hinged upon receiving responses from plaintiff to the untimely, second document discovery request, served after the close of discovery. Dkt. No. 50. Addressing the fact that the deadline for fact discovery had closed on April 1, 2009, Citizens' counsel noted that "as a practical matter, discovery was and is ongoing", adding that Citizens is "working diligently to move this case forward, but [it] cannot identify an expert until discovery is completed." *Id.* The letter requested that the court extend the deadline for disclosure of expert witnesses "until the close of remaining discovery period." *Id.* That request was denied by text order entered on May 20, 2009.

## II. PROCEDURAL HISTORY

On June 4, 2009, Citizens filed a motion requesting amendment of the UPSO deadline dates, an order compelling plaintiff to produce documents requested in its second document discovery demand, and reconsideration of my May 20, 2009 text order. Dkt. No. 60. Plaintiff responded in opposition to the motion on June 12, 2009, additionally requesting that the court award attorneys' fees incurred for having to

7

oppose defendant's motion. Both sides have since filed further submissions in connection with Citizens' motion, the latter two of which were submitted without court permission and in derogation of the court's local rules. Dkt. Nos. 59-62.

III.    DISCUSSION

With certain exceptions not relevant to this matter, Rule 16 of the Federal Rules of Civil Procedure provides that a court must issue a scheduling order in a civil action governing the progression of the case, and requires that "[t]he scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The rule also provides that once issued, such a scheduling order "may be modified only for good cause and with the judge's consent". Fed. R. Civ. P. 16(b)(4). In addition, Local Rule 16.1, which mirrors Rule 16, expressly warns: "[t]his Court shall strictly enforce any deadlines that it establishes in any case management order, and the Court shall not modify these, even upon stipulation of the parties, except upon a showing of good cause." N.D.N.Y.L.R. 16.1(f).

"A district court has broad discretion 'to direct and manage the pre-trial discovery process.'" *McKay v. Triborough Bridge and Tunnel Auth., et al.*, No. 05 Civ. 8936, 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007)

2007) (Sullivan, D.J.) (quoting *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004). "The importance of the USPO to a district court's effective control and management of a case, cannot be overstated." *Kassim v. City of Schenectady*, 221 F.R.D. 363, 365 (N.D.N.Y. April 24, 2003). Such an order "'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Deadlines imposed under a Rule 16 scheduling order are not mere suggestive guideposts; they are meaningful deadlines established by the court, in consultation with the litigants, intended to insure that the ends of justice and the need for prompt and efficient adjudication of controversies are met.

In order to obtain relief from a discovery schedule, a party must demonstrate good cause for the requested alteration. *Id.* To demonstrate good cause "a party must show that despite their diligence the time table could not have reasonably been met." *Carnrite v. Granada Hosp. Group, Inc.,* 175 F.R.D. 439, 446 (W.D.N.Y. 1997)(citations omitted). "Good cause requires a greater showing than excusable neglect." *Duval v. U.S Xpress Enterprises, Inc.*, 03-CV-812, 2005 WL 6021864, at *2 (N.D.N.Y. Oct. 13, 2005)(Homer, M.J.)(internal quotations omitted)(quoting *Broitman*

9

*v. Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996)).  Good cause may be established by "demonstrating that reasonably unforeseeable events occurring after the entry of the scheduling order precluded compliance with the deadlines in the UPSO."  *Kassim*, 221 F.R.D. at 366 (citing *Corkrey v. Internal Rev. Serv.*, 192 F.R.D. 66, 67 (N.D.N.Y. 2000)).  If the moving party cannot establish that it has proceeded with diligence, then the court's inquiry should end there.  *Id.*

    The deadlines contained in the UPSO issued in this case represented a fully integrated schedule intended to lead to trial on October 19, 2009 – a date which, the parties were informed, was firm.   To grant the requested extension would invariably result in extension of the motion filing deadline, and likely a corresponding adjournment of the scheduled trial date.  Indeed, it should be noted that Citizens "does not simply seek the untimely disclosure of an expert who has already issued a report and is ready to be deposed."  *Kassim*, 221 F.R.D. at 366 (citation omitted).  Rather, Citizen seeks leave to first determine whether it will require an expert (notwithstanding its previous representation to the court that it did not), and then, if deemed necessary, time to retain an expert and issue a report, a process which would almost certainly require additional time for plaintiff to depose the expert and perhaps even identify a rebuttal expert.

"The disruption caused by the proliferation of untimely expert testimony is real and attorneys must know such will not be permitted." *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 312 (M.D.N.C. 2002).

The reasons offered by Citizens' in support of an extension of the court's established deadlines fall far short of demonstrating either diligence on its part, or good cause for the requested extension. Citizens discloses no circumstances that were not contemplated or could not reasonably have been foreseen by the parties at the time the schedule in this case was issued, at the time of the stipulated extension, or during the many conferences with the court. While lack of prejudice to plaintiff is asserted by Citizens, this argument does not meet the showing of "good cause" required by Rule 16(b). *Carnrite*, 175 F.R.D. at 446 (quoting *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 218 (N.D. Ind. 1990)).

In sum, nothing raised by Citizens in support of its request even approaches good cause for the requested schedule modification or provides justification for upsetting the schedule and extending the current trial date in this case, which is already set to occur nearly two years after the action was filed. In finding that Citizens has failed to establish good cause to again modify the UPSO, I echo the sentiments of a fellow jurist,

11

who sagely lamented that "[s]trict enforcement of the good cause requirement of Rule 16 may seem like unnecessarily strong medicine. But if the courts do not take seriously their own scheduling orders who will?" *Id.* at 448.

IV.   SUMMARY AND CONCLUSION

The court issued a scheduling order in this case nearly a year ago, and subsequently allowed a modification upon joint request of the parties. After issuance of the UPSO the court held periodic status conferences with the parties, continuously prodding them to get underway with pretrial discovery in order to meet the established deadlines. Despite those admonitions, defendant Citizens now requests extensive modification to the court's scheduling order, with it being a virtual certainty that the requested extensions would result in postponement of the scheduled trial date, offering as justification its "assumption" that fact discovery in the action was ongoing beyond April 1, 2009, ostensibly with the court's blessing. Finding Citizens' assumption not well-founded and its proffered justification falling far short of establishing good cause for further modification of the UPSO, it is hereby

ORDERED as follows:

1)   Defendant Citizens' request for reconsideration of the court's

May 20, 2009 text order is DENIED.

2) Defendant Citizens' request for amendment of the existing UPSO to allow "for the completion of the otherwise ongoing discovery process" is DENIED.

3) Defendant Citizens' request for an order compelling plaintiff to respond to Citizens' second request for a production of documents, served after the deadline for completion of fact discovery in this action, is DENIED.

4) Plaintiff's request for an award of costs and attorneys' fees is DENIED.

5) In the interest of justice, plaintiff is directed to produce to defendants for inspection and, if requested, photocopying at defendants' expense, the documents previously disclosed to Citizens pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Production of those documents is to occur at a date, time and place mutually agreed upon by the parties within twenty days of the date of this order.

Dated: June 25, 2009
       Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

13